**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| |
|---|
| JEFFREY JANNARONE, <br><br> Plaintiff, <br><br> v. <br><br> SUNPOWER CORPORATION, <br><br> Defendant. |

Civil Action No. 18-9612 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Sunpower Corporation's ("Defendant" or "Sunpower") Motion to Dismiss. (ECF No. 6.) Plaintiff Jeffrey Jannarone ("Plaintiff") opposed (ECF No. 10) and Defendant replied (ECF No. 13). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court grants Defendant's Motion to Dismiss.

**I.    Background**[1]

Plaintiff initiated this putative class action suit in New Jersey Superior Court, Monmouth County, Law Division. (Not. of Removal, ECF No. 1.) In May 2018, Defendant removed the matter to the Court under diversity jurisdiction, 28 U.S.C. § 1332. (*Id.*) Plaintiff asserts four individual claims: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) unjust enrichment; and 4) common law fraud, and two class claims: violations of the New Jersey Consumer Fraud Act, N.J.S.A. §§ 56:8-1 to -20; and violations of the New Jersey

---

[1] For the purpose of the instant decision, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. §§ 56:12-14 to -18. (Compl. ¶¶ 92-113.)

The relevant facts are as follows. Plaintiff entered into a contract (the "Contract") with GeoGenix, LLC ("GeoGenix"), an installer of solar power equipment, which stated GeoGenix would "furnish and install a complete solar electric power system" ("the System") at Plaintiff's property located in Wall, New Jersey. (Compl. ¶¶ 5-6 (citing Compl. Ex. A ("Contract"), ECF No. 6-2.) Defendant was the manufacturer of the System, which was accompanied by a warranty (the "Warranty"). (Compl. ¶ 30, Compl. Ex. B ("Warranty"), ECF No. 6-2.)

The System began to malfunction almost immediately after installation. (Compl. ¶ 18.) Namely, it "fail[ed] to produce the requisite minimum power output," and as a result, Plaintiff "was required to pay an alternative source for energy which should have been produced by the System in order to make up for the shortfall in the kW production of the system." (Id. ¶¶ 18-19, 23.) Plaintiff also lost credits, and thus compensation, available under the New Jersey Solar Renewable Energy Certificate Program. (Id. ¶¶ 24-27.) Plaintiff requested that Defendant repair or replace the System, but even after Defendant attempted to make repairs, the System continued to malfunction. (Id. ¶¶ 34-38.)

Plaintiff acknowledges Defendant was not a party to the Contract, but argues "Defendant assumed liability for all acts and omissions arising out of the Contract by furnishing the System to be installed, furnishing the warranty documents for the System, and undertaking all repairs and maintenance for the System . . . ." (Id. ¶ 7.) As such, Plaintiff argues "GeoGenix was the agent acting on behalf of its principal, Defendant" and Defendant is GeoGenix's successor in interest. (Id. ¶¶ 8-9.) Plaintiff also contends that Defendant breached its obligations under the Warranty because, among other things, Defendant "repeatedly ignored [his] complaints regarding the efficacy of the System" and "[e]ach and every time Defendant attempted to repair the defective

2

System[,] the repair was either ineffective, or the System shortly began to function sub-optimally again." (*Id.* ¶¶ 35, 37.)

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), courts will examine the legal sufficiency of a complaint and may dismiss a claim "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must "contain sufficient factual matter" that "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions" and a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action." *Id.* Moreover, on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citation omitted).

## III. Discussion

Defendant argues Plaintiff fails to state a claim upon which relief can be granted because he did not adequately plead facts to support his agency or successor-in-interest counts. (Def.'s Moving Br. 8, ECF No. 6.) Defendant therefore argues that because Plaintiff cannot establish Defendant had any relation to GeoGenix—the party with whom Plaintiff entered into the Contract—Plaintiff's contract-related claims must fail. (*Id.* at 9.) Defendant further argues it satisfactorily performed under the Warranty, and therefore those claims must also fail. (*Id.* at 13.)

3

### A. The Contract

#### i. Agency

Defendant first argues it is neither a party to the Contract nor does the Contract reference an agency relationship. (*Id.*) Defendant contends "the only reference to [Defendant] is simply to describe that the products being installed were manufactured by [Defendant]." (*Id.* at 10.) Defendant further argues Plaintiff failed to plead any facts to support his agency and successor liability claims, and instead relies on conclusory pleadings. (*Id.* at 9.)

Plaintiff opposes, arguing Defendant's motion is premature because whether an agency relationship exists is a factual issue that the Court must accept as true, and the parties have not yet conducted discovery. (Pl.'s Opp'n Br. 5-6, ECF No. 10.) Plaintiff further asserts that the Contract supports that an agency relationship existed because "GeoGenix referred to [the System] manufactured by Defendant as its ***own*** system." (*Id.* at 6 (citing Contract).) He further asserts, "This point is further underscored by GeoGenix later representing in the Contract that it is authorized to issue warranties ***on behalf*** of Defendant." (*Id.* (citing Contract).)

Plaintiff further alleges, "[T]he GeoGenix website unequivocally establishes that it was the agent of Defendant. The website recommends that former customers contact Sea Bright[2] because Sea Bright '[has those customer's] project information [and] experience working with your equipment.'" (Pl.'s Opp'n Br. 6-7 (alterations in original) (citing D'Artiglio Decl. Exs. A-D, ECF No. 10-2).) Plaintiff alleges that Sea Bright is Defendant's subsidiary, and "[t]herefore, GeoGenix's own website confirms that upon dissolution (or prior to dissolution) all customer files

---

[2] Plaintiff neither references Sea Bright in his Complaint nor does he provide information pertaining to Sea Bright beyond the website printouts he introduced with his Opposition Brief. The Court notes Plaintiff may not amend his Complaint through submissions accompanying his Opposition Brief. *See In re Shop-Vac Mktg. & Sales Practices Litig.*, No 12-2380, 2014 WL 3557189, at *11 (M.D. Pa. July 17, 2014).

4

were turned over to Defendant and its subsidiary and that Defendant assumed responsibility for all of GeoGenix's customer equipment and warranty obligations." (*Id.* at 7.) Finally, Plaintiff argues GeoGenix held itself out as Defendant's "[e]lite dealer" and stated it "received 'certified training' from Defendant." (*Id.*)

In Reply, Defendant argues Plaintiff misstates the law when he argues that an agency relationship is a question of fact that the Court must construe as true at the motion to dismiss stage. (Def.'s Reply Br. 2, ECF No. 13.) Defendant also argues Plaintiff "impermissibly attempts to introduce website searches through counsel to support his agency claim." (*Id.* at 5.) Defendant further contends that the submitted website printouts merely demonstrate GeoGenix installed Defendant's products, fail to establish a connection between Sea Bright and Defendant, and lack reference to any agency relationship between Defendant and GeoGenix. (*Id.* at 5-6.)

"A plaintiff may not conclusively assert that a party was another party's agent without sufficient factual allegations." *Carrier v. Bank of Am., N.A.*, No. 12-104, 2014 WL 356219, at *5 (D.N.J. Jan. 31, 2014), *aff'd*, 592 F. App'x 135 (3d Cir. 2015) (citing *TBI Unlimited LLC v. Clear Cut Lawn Decisions, LLC*, No. 12-3355, 2013 WL 1223643, at *10 (D.N.J. Mar. 25, 2013)). "An essential element of agency is the principal's right to control the agent's conduct." *Carrier*, 2014 WL 356219 at *5 n.7 (citation and internal quotation marks omitted). "Generally, an agent may only bind his [or her] principal for such acts that are within his [or her] actual authority." *TBI Unlimited LLC*, 2013 WL 1223643, at *3. "Actual authority occurs when, at the time of taking action that has legal consequences for the principal, the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act." *Id.* (internal quotations and citations omitted).

Here, Plaintiff errs in arguing that the Court must construe his legal conclusions as true. Under Federal Rule of Civil Procedure 8, Plaintiff is required to plead facts sufficient to establish

this asserted legal relationship existed.[3] Plaintiff's Complaint, however, is devoid of any facts demonstrating Defendant had a right to control GeoGenix's conduct. Moreover, contrary to Plaintiff's assertion, the Contract does not state that Defendant would install its own system, but rather indicated that it would "furnish and install" the Sunpower System. Plaintiff's assertion that GeoGenix provided it with Sunpower's "limited manufacturer's warrant[y]" further fails to demonstrate an agency relationship. The Court, accordingly, finds Plaintiff failed to plead sufficient facts to support his agency claims.[4]

Because Plaintiff has failed to demonstrate actual agency, the Court next considers whether Plaintiff satisfactorily plead facts supporting the existence of an apparent agency relationship. *See, e.g., Carrier*, 2014 WL 356219, at *5 (finding the plaintiff failed to plead sufficient facts to demonstrate the existence of actual or apparent authority). To demonstrate an apparent agency relationship existed, Plaintiff must show: "(1) the appearance of authority has been created by the conduct of the alleged principal and not solely by the conduct of the putative agent; (2) a third party has relied on the agent's apparent authority to act for a principal, and (3) the reliance was

---

[3] The Court is not required to consider the exhibits Plaintiff attached to his Opposition Brief because, "[p]laintiffs cannot amend their complaint through a brief in opposition to a motion to dismiss." *In re Shop-Vac Mktg.*, 2014 WL 3557189, at *11 (refusing to consider exhibits the plaintiff attached to his opposition brief but failed to include in his complaint). The Court, however, may exercise its discretion and consider exhibits attached to an opposition brief so long as they are consistent with the facts pled in the Complaint. *See Deborah Heart & Lung Ctr. v. Presbyterian Med. Ctr.*, No 11-1290, 2011 WL 6935276, at *8 (D.N.J. Dec. 30, 2011). The Court finds Plaintiff's Complaint deficient even if it were to consider the website printouts. Namely, Plaintiff's Complaint and exhibits fail to present facts pertaining to Defendant's conduct, but rather reinforce its assertions regarding GeoGenix. The Court notes, however, that Plaintiff may include such information in his amended complaint if he chooses to file one.

[4] The Court is also not persuaded by Plaintiff's assertion that "the existence of an agency relationship is firmly within the custody, possession, and control of Defendant." (Pl.'s Opp'n Br. 7.) The Court's finding that Plaintiff failed to plead facts sufficient to demonstrate agency does not require Plaintiff to plead his factual allegations with certainty. Rather, the Court requires Plaintiff to amplify the factual allegations in his Complaint beyond mere conclusory legal assertions. *See Iqbal*, 556 U.S. at 678-79.

reasonable under the circumstances." *Id.* (quoting *Huelas v. Wells Fargo Home Mortg. Inc.*, No. 11-7250, 2012 WL 3240166, at *3 (D.N.J. Aug. 7, 2012)). Here, Plaintiff's Complaint fails to demonstrate that Sunpower's conduct, and not merely GeoGenix's conduct, created the appearance of authority under the Contract. The Court, accordingly, finds Plaintiff failed to adequately plead facts demonstrating an apparent agency relationship.

### ii. Successor Liability

Defendant next contends that Plaintiff's Complaint fails to provide any factual support for his assertion that Defendant is GeoGenix's successor-in-interest. (Def.'s Moving Br. 13-14.) Specifically, Defendant contends that the Contract does not contain an indemnity or successorship provision, and Plaintiff failed to set forth any facts demonstrating that GeoGenix sold any of its assets to Defendant. (*Id.* at 14.) In opposition, Plaintiff argues "Defendant became the successor-in-interest to the Contract by performing obligations under the Contract and attempting to cure GeoGenix's breaches of the Contract." (Pl.'s Opp'n Br. 8.) Plaintiff argues the Court must construe that allegation as true and "permit the matter to proceed to discovery where [he] can further develop" his arguments. (*Id.*)

The Court again notes Plaintiff's assertion that the Court must accept his conclusory legal assertions as true is erroneous. Rather, "[a] plaintiff must . . . plead more than labels and conclusions . . . ." *ECN Fin., LLC v. Chapman*, No. 17-2842, 2018 WL 623679, at *2 (E.D. Pa. Jan. 30, 2018) (internal quotation marks omitted) (finding that the plaintiff failed to adequately plead successor liability). Moreover, Plaintiff appears to conflate Defendant's responsibilities under the Contract, in which GeoGenix is the named party, and the Warranty, in which Sunpower is the named party. Plaintiff fails to allege facts or cite case law supporting his assertion that Defendant's performance of its obligations pursuant to the Warranty establishes that it became a

successor-in-interest to the Contract. Accordingly, the Court finds Plaintiff failed to plead sufficient facts to satisfactorily demonstrate that Defendant is GeoGenix's successor-in-interest.

**B. The Warranty**

Plaintiff argues that even if the Court finds he failed to adequately plead his Contract-related claims, his Warranty claims must survive. (Pl.'s Opp'n Br. 9 n.1.) Preliminarily, the Court notes that Plaintiff does not specifically assert a count for breach of warranty; instead, he embeds his breach of warranty claims in Count One (Breach of Contract), Count Two (Breach of Implied Covenant of Good Faith and Fair Dealing), Count Four (Common Law Fraud), and Count Six (Violation of the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act).

The Court acknowledges that breach of warranty claims are commonly litigated pursuant to contract law. *See, e.g., Spring Motors Distrib., Inc. v. Ford Motor Co.*, 489 A.2d 660, 673 (1985) (holding that contract law principles were the appropriate vehicle for litigating claims "based on intangible economic loss not attributable to physical injury to person or harm to a tangible thing other than the defective product itself"); *see also Alloway v. Gen. Marine Indus. LP*, 695 A.2d 264 (N.J. 1997). Plaintiff's Opposition arguments, however, appear to conflate the parties' responsibilities under the Contract and the Warranty. Specifically, Plaintiff has not made it clear whether his claims relate to Defendant's (through GeoGenix) installation of a defective System under the Contract or Defendant's failure to repair the System under the Warranty. The Court, accordingly, finds good cause to allow Plaintiff the opportunity to amend his Complaint and cure the ambiguities in his pleadings.

**IV. <u>Conclusion</u>**

Plaintiff failed to adequately plead facts demonstrating GeoGenix was Defendant's agent or that Defendant is GeoGenix's successor-in-interest. Further, Plaintiff's pleadings regarding the Warranty are ambiguous. The Court, accordingly, grants without prejudice Defendant's Motion

to Dismiss. Plaintiff may file an amended complaint within twenty-one days of entry of this Memorandum Opinion. The Court will enter an Order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE