**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY JANNARONE,<br><br>    Plaintiff,<br><br>v.<br><br>SUNPOWER CORPORATION,<br><br>    Defendant. | Civil Action No. 18-9612 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

This matter comes before the Court upon Defendant SunPower Corporation's ("Defendant") Motion for Reconsideration of the Court's Order denying Defendant's Motion to Dismiss (ECF No. 21) pursuant to Local Civil Rule 7.1(i). (ECF No. 34.) Plaintiff Jeffrey Jannarone ("Plaintiff") opposed. (ECF No. 40.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, the Court denies Defendant's Motion for Reconsideration.

**I.   BACKGROUND**

In March 2006, Plaintiff and GeoGenix, a non-party to this case, entered into a contract (the "Contract") for GeoGenix to install one of Defendant's solar electric systems ("the System") on Plaintiff's home. (Am. Compl. ¶ 20, ECF No. 18; Contract, Ex. A to Am. Compl., ECF No. 18-1.) Defendant was not a party to the Contract. (*See generally* Contract.)

Plaintiff alleges that GeoGenix was an agent of Defendant. (*Id.* ¶¶ 7–22.) GeoGenix was an "Elite Dealer" of Defendant's products. (*Id.* ¶¶ 10, 12.) Defendant could audit GeoGenix and would require GeoGenix employees to undergo mandatory training. (*Id.* ¶¶ 11–19.) Defendant also

exercised control over how GeoGenix installed Defendant's systems. (*Id.* ¶¶ 10–19.) Defendant could demand that GeoGenix use specific materials for the installation process or redo an installation if Defendant found a defect. (*Id.* ¶¶ 15–19.)

Plaintiff paid $57,728 to install the System. (*Id.* ¶ 32.) Defendant represented that the System would produce "7,000 [kilowatt hours] per year." (*Id.* ¶ 40.) Plaintiff, however, alleges that the system started malfunctioning almost immediately after installation and that the System produced 7,000 kilowatt hours only two out of the ten years between 2008 and 2018. (*Id.* ¶¶ 39–42.) Plaintiff would have been entitled to thirty-two more solar renewable energy credits ("SREC") under the New Jersey Solar Renewable Energy Program had the System produced 7,000 kilowatt hours per year. (*Id.* ¶¶ 43, 45.)

In May 2018, Plaintiff filed a complaint against Defendant in the Superior Court of New Jersey, Monmouth County, and Defendant removed the case to this Court. (Notice of Removal 1–2, ECF No. 1.) Defendant moved to dismiss the complaint; the Court granted Defendant's motion to dismiss without prejudice and granted Plaintiff leave to file an amended complaint. (Order, ECF No. 15.) Plaintiff filed an Amended Complaint. (Am Compl.)

Defendant moved to dismiss Plaintiff's Amended Complaint. (Def.'s Mot. to Dismiss Br., ECF No. 21-1.) Defendant made three arguments for why all claims should be dismissed. (*See id.*) First, Plaintiff failed to allege that an agency relationship existed between Defendant and GeoGenix. (*Id.* at 10–20.) Second, Plaintiff failed to plead a claim against Defendant under the Consumer Fraud Act ("CFA") and the Truth-In Consumer Contract, Warranty, and Notice Act ("TCCWNA"), and that those claims are time-barred by the appropriate statute of limitations. (*Id.* at 20–31.) Finally, Plaintiff failed to state claims for breach of contract, breach of warranty, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and fraud. (*Id.* at 31–37.)

The Court granted in part and denied in part Defendant's motion to dismiss the Amended Complaint. *Jannarone v. Sunpower Corp.*, No. 18-9612, 2019 WL 4058981 (D.N.J. Aug. 28, 2019). The Court held that Plaintiff presented sufficient facts to plead an agency relationship and a breach of warranty claim. *Id.* at *4–5. Plaintiff, however, failed to plead sufficient facts to show a breach of the implied covenant of good faith and fair dealing. *Id.* at *6. The Court held that Plaintiff may plead an unjust enrichment claim in the alternative to his breach of contract claim because Defendant contested whether the Contract applied to Defendant. *Id.* at *7 (citing *Grudkowski v. Foremost Ins. Co.*, 556 F. App'x 165, 170 n.8 (3d Cir. 2014)). The Court, additionally, held that the economic loss doctrine precluded Plaintiff's common law fraud claim. *Id.* at *8. The Court, finally, held that Plaintiff alleged CFA and TCCWNA claims related to the Contract, but not a TCCWNA claim related to Defendant's warranty. *Id.* at *9–11.

## II.  LEGAL STANDARD

In the District of New Jersey, Local Civil Rule 7.1 governs motions for reconsideration. *Morton v. Fauver*, No. 97-5127, 2011 WL 2975532, at *1 (D.N.J. July 21, 2011) (citing *Bowers v. NCAA*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001)). Reconsideration is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 506–07 (D.N.J. 2002). There are three grounds for reconsideration: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence that was previously unavailable; or (3) to correct a clear error of law or to prevent manifest injustice. *Id.*

"A court commits clear error of law only if the record cannot support the findings that led to the ruling." *Rich v. State*, 294 F. Supp. 3d 266, 272 (D.N.J. 2018). "Thus, a party must do more than allege that portions of a ruling were erroneous in order to obtain reconsideration of that ruling." *ABS Brokerage Servs., LLC v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. 2010). A moving party's "[m]ere disagreement with the Court's decision" is

3

insufficient to show a clear error of law. *Id. (citing P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)).

A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers*, 130 F. Supp. 2d at 612–13. Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992)). "The fact that an issue was not explicitly mentioned by the court does not on its own entail that the court overlooked the matter in its initial consideration." *Morton*, 2011 WL 2975532, at *3.

## III. DISCUSSION

Defendant does not argue that there has been a change in controlling law, that there is new information that was previously unavailable, or that a manifest injustice will occur. (*See generally* Def.'s Reconsideration Br., ECF No. 34.) Therefore, Defendant must demonstrate the Court has made a clear error of law or that the Court overlooked dispositive factual matters or controlling decisions of law.

### A. Defendant Fails to Demonstrate Grounds to Reconsider the Court's Decision on Statutes of Limitations Issues.

In Defendant's motion to dismiss. Defendant argued that the statute of limitations for a CFA claim accrues "when a plaintiff knows or should know of its existence." (Def.'s Mot. to Dismiss Br. 23 (quoting *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 425 (3d Cir. 1999)).) Defendant asserted that the statute of limitations began to run in 2006 because "[t]he GeoGenix Contract was entered into in 2006, and the alleged

4

problems began '[a]lmost immediately.'" (*Id.* (quoting Am. Compl. ¶ 39) (second alteration in original).)

The Court held that the matter is a construction-defect action and that the statute of limitations began to run when the breach should have been discovered through reasonable diligence. *Jannarone*, 2019 WL 4058981, at *3 n.5. The Court declined to dismiss Plaintiff's claims on statute of limitations grounds until the summary judgment phase because it was unclear when the breach should have been discovered. *Id.*

In moving for reconsideration, Defendant disagrees with the Court's conclusion that this is a construction defect action and now argues that the six-year statute of limitations began to run when Plaintiff received and signed the Contract in 2006. (Def.'s Reconsideration Br. 6–7.) Here, Defendant makes a new argument: that the statute of limitations began to run when Plaintiff received and signed the Contract as opposed to when Plaintiff should have known of the fraud's existence. (*Compare* Def.'s Mot. to Dismiss Br. 23, *with* Def.'s Reconsideration Br. 6–7.) This amounts to raising a new argument on a motion for reconsideration that could have been made in a motion to dismiss, *Bowers*, 130 F. Supp. 2d at 612–13, or mere disagreement with the Court's decision that fails to demonstrate clear error of law, *ABS Brokerage Servs.*, 2010 WL 3257992, at *6. Accordingly, the Court denies Defendant's motion to reconsider its decision to deny dismissal of Plaintiff's CFA claim on statute of limitations grounds.

As to Plaintiff's TCCWNA claim, in Defendant's motion to dismiss, Defendant cited *Bowen v. Hyundai Motor America*, No. 15-6942, 2016 WL 3466085, at *2 (D.N.J. June 22, 2016) to support its argument that Plaintiff's TCCWNA claim is barred by the statute of limitations. (Def.'s Mot. to Dismiss Br. 25–26.) As above, the Court declined to address statute of limitations issues until the summary judgment stage. In moving for reconsideration, Defendant argues the

Court overlooked the issue in its decision and that Plaintiff did not address it in his brief. (Def.'s Reconsideration Br. 7.)

Here, Defendant asks the Court to rethink what it has already thought through. The Court considered *Bowen* and Defendant's argument, which were raised in Defendant's motion to dismiss, as well as Plaintiff's argument on the applicability of the continuing tort doctrine, and declined to consider statute of limitations issues prior to summary judgment. *Jannarone*, 2019 WL 4058981, at *3 n.5; *Morton*, 2011 WL 2975532, at *3 ("The fact that an issue was not explicitly mentioned by the court does not on its own entail that the court overlooked the matter in its initial consideration."). Accordingly, the Court denies Defendant's motion to reconsider Defendant's statute of limitations argument regarding Plaintiff's TCCWNA claim.

## B. Defendant Fails to Demonstrate Grounds to Reconsider the Court's Decision to Deny Dismissal of Plaintiff's TCCWNA Claim.

Defendant also asserts that Plaintiff's TCCWNA claim as to the Contract must fail under *Spade v. Select Comfort Corp.*, 181 A.3d 969 (N.J. 2018). (Def.'s Reconsideration Br. 8.) In Defendant's motion to dismiss, Defendant asserted that *Spade* required Plaintiff to prove that he is an "aggrieved consumer." (Def.'s Mot. to Dismiss Br. 24–25.) According to Defendant, an aggrieved consumer is one who "suffered harm as a result of the defendant's inclusion of prohibited language in a contract or other writing." (*Id.* at 25 (citing *Spade*, 181 A.3d at 980).) Defendant argued that Plaintiff alleged TCCWNA violations but failed to "allege that he was harmed by these allegations." (*Id.* (emphasis omitted).)

The Court held that, because Plaintiff pleaded sufficient facts to state a CFA claim and because Plaintiff pleaded "loss of money for installation in the amount of $57,728 and loss of compensation from the foregone SREC credits," Defendant failed to meet its burden to show that Plaintiff failed to state a TCCWNA claim. *Jannarone*, 2019 WL 4058981, at *9–10 (citing *Dugan*

6


*v. TGI Fridays, Inc.*, 171 A.3d 620, 647 (N.J. 2017)). In its motion for reconsideration, Defendant reiterates that Plaintiff fails to state a TCCWNA claim "because [Plaintiff] failed to allege any connection between the asserted TCCWNA violations and his claimed losses." (Def.'s Reconsideration Br. 8.)

The Court finds that Defendant fails to show the Court overlooked *Spade* or that the Court's decision was clear error. The Court held that Plaintiff's CFA claim serves as a basis for Plaintiff's TCCWNA claim. *Jannarone*, 2019 WL 4058981, at *10. To state a CFA claim, a plaintiff must allege "a causal relationship between the unlawful conduct and the ascertainable loss." *Francis E. Parker Mem'l Home, Inc. v. Georgia-Pac. LLC*, 945 F. Supp. 2d 543, 558 (D.N.J. 2013). The Court held that Plaintiff pleaded sufficient facts to state a CFA claim. *Jannarone*, 2019 WL 4058981, at *10. New Jersey precedent supports that the "causal relationship between the unlawful conduct and the ascertainable loss" supporting a CFA claim may be sufficient to state a TCCWNA claim. *Caston v. Walker*, No. A-5045-18T2, 2020 WL 116021, at *3 (N.J. Super. Ct. App. Div. Jan. 10, 2020) (citing *Spade*, finding that the fees and penalties which formed the ascertainable loss under the CFA also satisfied TCCWNA's harm requirement). Because the Court's decision is supported by precedent, Defendant fails to show that the Court's decision was a clear error of law. Accordingly, the Court denies Defendant's motion to reconsider its decision to deny dismissal of Plaintiff's TCCWNA claim.

### C. Defendant Fails to Demonstrate Grounds to Reconsider the Court's Decision that Plaintiff Sufficiently Pleaded an Agency Relationship.

Defendant argues the Court overlooked relevant, controlling precedent in holding that Plaintiff sufficiently alleged an agency relationship. In its motion to dismiss, Defendant cited *Westerdale v. Kaiser-Frazer Corp.*, 80 A.2d 91 (N.J. 1951) in support of its argument. (Def.'s Mot. to Dismiss Br. 16.) The Court held that Plaintiff alleged sufficient facts to show an agency

relationship between Defendant and GeoGenix at the motion to dismiss stage. *Jannarone*, 2019 WL 4058981, at *5 (citing *Lutsky v. Monmouth Marine Engines, Inc.*, No. 12–7554, 2014 WL 575459, at *4 (D.N.J. Feb. 11, 2014); *Conn. Gen. Life Ins. v. Roseland Ambulatory Surgery Ctr.*, No. 12–05941, 2014 WL 2601972, at *5 (D.N.J. June 11, 2014)). In seeking reconsideration, Defendant asserts that the *Westerdale* case is controlling precedent and factually analogous, and that the Court should follow *Westerdale* rather than *Lutsky* and *Connecticut General Life Insurance*. (Def.'s Reconsideration Br. 10–13.)

The Court finds that Defendant merely disagrees with the Court's decision and that Defendant fails to demonstrate the Court overlooked *Westerdale* or made a clear error of law. Because the Court considered Defendant's argument made first in its motion to dismiss, and because the Court's decision is supported by precedent, Defendant fails to show a clear error of law. *See ABS Brokerage Servs.*, 2010 WL 3257992, at *6 ("[A] party must do more than allege that portions of a ruling were erroneous in order to obtain reconsideration of that ruling."); *Morton*, 2011 WL 2975532, at *3 ("The fact that an issue was not explicitly mentioned by the court does not on its own entail that the court overlooked the matter in its initial consideration."). Accordingly, the Court denies Defendant's motion to reconsider the Court's finding of sufficient facts to allege an agency relationship at this stage.

### D. Defendant Fails to Demonstrate Grounds to Reconsider the Court's Decision that Plaintiff May Plead Unjust Enrichment in the Alternative.

In Defendant's motion to dismiss, Defendant argued that "unjust enrichment claims must be dismissed where an express agreement exists." (Def.'s Mot. to Dismiss Br. 32–33 (citing *Van Orman v. American Co.*, 680 F.2d 301, 310 (3d Cir. 1982); *Callano v. Oakwood Park Homes Corp.*, 219 A.2d 332, 335 (N.J. Super. Ct. App. Div. 1966)).) The Court held that Plaintiff may plead an unjust enrichment claim in the alternative because Defendant argued it was not bound by

8

the Contract. *Jannarone*, 2019 WL 4058981, at *7. In seeking reconsideration, Defendant disagrees with the Court's decision and the precedent cited in support, arguing the Court should follow the outcome in *Callano*. (Def.'s Reconsideration Br. 14–15.)

As above, Defendant asks the Court to rethink what it already thought through and fails to demonstrate clear error. In the Third Circuit, a plaintiff may plead a breach of contract claim and an unjust enrichment claim in the alternative when the validity of the contract is disputed. *Grudkowski*, 556 F. App'x at 170 n.8; *MK Strategies, LLC v. Ann Taylor Stores Corp.*, 567 F. Supp. 2d 729, 736 (D.N.J. 2008). A Court may allow an alternative unjust enrichment claim to survive a motion to dismiss even though a plaintiff may not prevail on both claims at summary judgment. *See, e.g., Bell Container Corp. v. Palagonia Bakery Co. Inc.*, No. 19-6545, 2019 WL 8105297, at *3 (D.N.J. Dec. 26, 2019). Because the Court's decision is supported by precedent, Defendant fails show that the Court's decision is a clear error of law. Accordingly, the Court denies Defendant's motion to reconsider the Court's holding that an unjust enrichment claim may be brought as an alternative to a breach of contract claim.

## V. **CONCLUSION**

Because Defendant failed to demonstrate a clear error of law and because the Court did not overlook Defendant's arguments, the Court denies Defendant's Motion for Reconsideration.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE